John Gary Warner, Council for Appellant, Unsealed Prayers, USA Corporation. No Appellee Arguments. Good morning. You've got to speak into the microphone, sir. Please identify yourself. I said, good morning. I'm John Warner for the Appellant. You have 15 minutes. I don't think I'll need it. I hope not. The question is very narrow. Does Section 502H apply only when the transferor is the debtor? That was the ruling, basically, what the court below said. And I'm saying that there's no wording in 502H that limits it to just the debtor being the transferor. And it would be very unfair, it seems to me, that in this case, we sent the money back to the debtor. The debtor has the money. And that being the case, I think we are clearly, under 502H, a pre-petition creditor. Did the debtor owe your client any money before this all happened, before the barrels were ordered and so forth? The debtor in WALLDESIGN, sir? Yeah. I don't think he had any dealings with WALLDESIGN at all. The dealings were with Michael Bellow completely. And obviously, we're not too happy because we're not the only one in this case. There's like 90 creditors or parties, let's call them, unhappy. This claim was, what, $6,000? I would like to be in the position of some of the others who are out almost a million dollars. Not a happy situation. But anyway, the narrow issue is this. 502H, does it apply only when the transferor is the debtor? Or does it apply to any transferor so long as the transferee gives the money back, or whatever the consideration is? That's the question. And I could not find any Ninth Circuit case on point. And I think it would be helpful if this Court could come forward and answer that question. Collier suggests that your claim should not be allowed because there was no pre-petition debt. And therefore, because there was no pre-petition debt, you have no claim against the estate. Do you want to address that issue? That may be true up until the point we give money back to the estate. Because under this situation, if Colliers or whoever says, well, only a debtor transferor can trigger 502H, that's kind of unfair, seems to me. We have given the money back. So it's like a gift, in effect, to the bankruptcy estate, without having to put us at least in the unsecured creditor category. I think the trustee would be saying that what you did is give back a gift that the debtor had given you, right? Because the debtor didn't owe the money in the first place. That was sort of a gift. Your client didn't know it at the time, but it was a gratuitous transfer from the perspective of the debtor, and then you returned the gift. That's another way of looking at it. But that's like saying we never gave the money back. It would be like saying we filed a proof of claim because we're out the money. But we're not out the money until we are forced to give it back, and we gave it back. So I think in terms of equities, and I see nothing in the text of 502H that says it's limited to a transferor debtor. Nothing there that says that. Any questions? No. Thank you. The case will be submitted.
judges: Kurtz, Faris and Spraker